IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RODDY GILLUS | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. L-07-186 |
| | : | |
| BALTIMORE COUNTY, et al. | : | |
| Defendants. | : | |

**MEMORANDUM**

Pending is Roddy Gillus's ("Gillus") civil action. No oral argument is necessary because the case is subject to summary dismissal upon preliminary review. For reasons stated herein, the Court will, by separate order, DISMISS the case.[1]

**I.     BACKGROUND**

On March 27, 2006, Gillus filed a Complaint for declaratory relief against Maryland resident Kimberly Parson regarding real property located in Baltimore County, Maryland. See Gillus v. Parson, Civil Action No. L-06-829 (D. Md.). He was ordered to file a status report to show why this Court had jurisdiction over the matter. After review of the status report, the undersigned dismissed the Complaint on May 17, 2006.[2]

On October 24, 2006, Gillus filed another civil action, again naming Kimberly Parson as a party and once more claiming an ownership right in the Randallstown, Maryland property. See Gillus v. Parsons, Civil Action No. L-06-2805 (D. Md.)  Gillus, confined in the Maryland Division of Correction ("DOC"), asked the Court to compel law enforcement authorities to

---

[1] The Complaint was not accompanied by a motion to proceed in forma pauperis. Because Gillus was recently granted leave to proceed without the prepayment of filing fees, see Gillus v. Parsons, Civil Action No. L-06-2805 (D. Md.) at Docket No. 4, the Court shall do the same here.

[2] The Court found that (i) it had no diversity jurisdiction over the property matter and (ii) Gillus had otherwise failed to present sufficient facts or documentation to set out a colorable claim against Parson which implicates the Constitution, laws, and statutes of the United States. (Docket No. 4). Gillus's reconsideration request was denied on June 12, 2006. (Docket Nos. 6 & 7). No appeal was noted.

acknowledge his property ownership and to cease any further "hostile treatment" from the Baltimore County Police Department. The matter was construed as a mandamus petition filed pursuant to 28 U.S.C. § 1361, and dismissed for lack of subject matter jurisdiction on November 21, 2006. No appeal was noted.

On January 18, 2007, Gillus filed the instant pro se action for damages alleging that his detention is illegal. Gillus alleges that: (i) he was arrested on trespassing, fourth degree burglary, and second degree assault charges in Baltimore County in May of 2006; (ii) he was convicted of the assault charges on June 19, 2006; and (iii) he was subsequently sentenced to five years. (Docket No. 1). He claims that he could have beaten the charges but for his inability to contact his attorney. (Id.). Gillus further complains that during the course of his detention on the trespassing, burglary, and assault charges he was "slapped with the irroneous [sic] violation of probation ("VOP") warrant and detention order" and, despite his requests for resolution of the VOP matter, it was not resolved until December of 2006, when it was subject to nolle prosequi. (Docket No. 1). He names Baltimore County, Maryland as Defendant.

## II.   ANALYSIS

The Court, construing Gillus's complaint liberally,[3] deems it filed as a civil rights action filed pursuant to 42 U.S.C. § 1983, seeking damages.[4] Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), holds that to recover damages for alleged unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

---

[3] See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

[4] Gillus also seeks to be provided daily stretch limousine service upon his release.

writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See id.; see also Muhammad v. Close, 124 S.Ct. 1303, 1304 (2004); Young v. Nickols, 413 F.3d 416, 418-19 (4th Cir. 2005).

A judgment in favor of Gillus with regard to his incarceration would bring into question the validity of his Baltimore County assault conviction.  Said conviction has not been overturned.  Under the rule of Heck, therefore, his civil rights claims for damages may not proceed in this Court.[5]

### III.   CONCLUSION

For the aforementioned reasons, the Court will DISMISS Gillus's complaint without prejudice.

Dated this 1st day of February, 2007.

/s/
Benson Everett Legg
Chief Judge

---

[5]   Insofar as Gillus seeks release from confinement based upon the legality of his conviction, he may file a timely 28 U.S.C. habeas corpus petition after he has exhausted his state court remedies.  See 28 U.S.C. §§ 2254 (c) & (d)